[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
B D Associates is a partnership consisting of Richard E. Blodgett, Jr. and William H. Douglass, and they are hereinafter referred to collectively as the plaintiffs. They appeal the decision of the defendant board finding that they engaged in the practice of land surveying without a license and ordering them to cease doing so. The board acted pursuant to General Statutes § 20-302. The plaintiffs appeal pursuant to § 4-183. The court finds the issues in favor of the defendant board.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. The plaintiffs are real estate developers, primarily engaged in the purchase and sale of rural property.
During 1993, in the course of their business, the plaintiffs prepared two maps of property they owned in North Stonington and delivered the maps to the town clerk, who recorded them on the land records. Subsequently, the plaintiffs executed warranty deeds of their property, referencing the maps. The maps also affected other property not owned by the plaintiffs.
General Statutes § 20-299(2) defines a land surveyor as a person who measures "the area of any portion of the earth's surface, the lengths and directions of the bounding lines and the contour of the surface, for their correct determination and description and for conveyancing or for recording." At the administrative hearing in this case, a licensed professional land surveyor testified and gave his opinion as an expert in the field CT Page 7681 that the preparation of the maps in question by the plaintiffs constituted the practice of land surveying within the meaning of § 20-299.
General Statutes § 20-302 provides, in relevant part, that "no person shall practice . . . the profession of engineering in any of its branches, including land surveying . . . unless he has been licensed or exempted under the provisions of this chapter." Neither Blodgett nor Douglass has been licensed or exempted under chapter 391.
Following the administrative hearing before the board, the board rendered its final decision. It found that the plaintiffs had engaged in the practice of land surveying without holding the license required by the statute. It ordered them to cease doing so. It is that decision which is the subject of this appeal.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57 — 58 (1991).
"Although the construction and interpretation of a statute is a question of law for the courts to decide. . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v. Commissioner of Environmental Protection,226 Conn. 358, 372 (1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations." Griffin Hospital v. Commission on Hospitalsand Health Care, 200 Conn. 489, 497 (1986). CT Page 7682
The familiar principles of administrative law summarized above require the court to affirm the decision of the board. The board had abundant, undisputed evidence that the plaintiffs had prepared and recorded maps to be used in the conveyancing of real property. The board reasonably concluded that this activity constituted the practice of land surveying, which requires a state license. The board's order to cease such activity or obtain a license was entirely within its power and completely reasonable.
The board's decision is affirmed. The plaintiffs' appeal is dismissed.
MALONEY, J.